People v Olsen (2021 NY Slip Op 51243(U))

[*1]

People v Olsen (Donald)

2021 NY Slip Op 51243(U) [73 Misc 3d 145(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2021-30 S C

The People of the State of New York,
Respondent,
against
Donald Olsen, Appellant. 

Toni Marie Angeli, for appellant.
Suffolk County District Attorney (Karla Lato of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (John J. Kelley,
J.), entered December 16, 2020. The order, after a hearing, designated defendant a level three sex
offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
Defendant was convicted of two charges of sexual misconduct (Penal Law § 130.20)
and of sexual abuse in the third degree (Penal Law § 130.55).
At a hearing pursuant to the Sex Offender Registration Act (SORA) (see Correction
Law § 168-n), defendant was assessed 30 points under risk factor 5 upon the finding that the
victim, with whom defendant had engaged in, among other things, anal intercourse, was 10 years
old or less. Defendant scored a total of 90 points on the risk assessment instrument, thereby
presumptively classifying him a level two sex offender. The People argued that the District Court
should upwardly depart from the presumptive risk level to risk level three due to evidence of an
incident that was sexual in nature, that occurred in Ohio years earlier, which involved the victim's
10-year-old brother. The court granted the People's request for an upward departure and, by order
entered December 16, 2020, the District Court designated defendant a level three sex
offender.
On appeal, defendant challenges, among other things, the 30-point assessment under risk
factor 5 and argues that only 20 points should have been assessed under this risk factor, and,
thus, his risk assessment score should have totaled 80 points.
Even assuming that defendant should have been assessed 20 points under risk factor 5, his
risk assessment score would total 80 points which would still place him at a presumptive level
two sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and
Commentary at 3 [2006]).
Defendant's remaining contentions, including the issue regarding the upward departure, are
unpreserved for appellate review, as he failed to raise these issues at the SORA hearing (see
People v Davis, 166 AD3d 820 [2018]), and we decline to review them in the interest of
justice.
Accordingly, the order designating defendant a level three sex offender is affirmed.
RUDERMAN, P.J., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021